The next case on the docket is number 519-0359, People v. Nordike. Arguing for the appellant, People of the State of Illinois, is Sharon Shanahan. Arguing for the appellee, Keith Nordike, is Douglas Brunke. Each side will have up to 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. You'll see the digital timekeeping device on my screen. When time has expired, I will bang the gavel. Finally, please remember, no photographs and only the clerk of the court is permitted to record these proceedings today. Counsel, for the appellant, I believe this is a certificate of an impairment. So, Ms. Shanahan, for the state, you may proceed. Thank you, Your Honor. May it please the court. Counsel, my name is Sharon Shanahan, and I represent the People of the State of Illinois. This case deals with a county board member who took it upon himself to attach a GPS on a vehicle driven by a county employee. He was charged with the unlawful use of an electronic tracking device and official misconduct. He claims that the unlawful use of the electronic tracking device statute didn't apply to him because when he attached the GPS, he was acting in his capacity as a county board member. The trial court dismissed the complaint with prejudice for failure to state a claim. Now, the state believes that the court erred in two ways. First, the trial court erred in determining that the defendant fell within one of the exceptions of the statute simply because he was a county board member. The trial court believes that the defendant could properly act on his own without county board knowledge or permission to prove that a county employee was improperly using county equipment. Secondly, the trial court should not have dismissed this with prejudice. The state believes that this case should be remanded so that a trial fact can determine whether there is sufficient evidence of guilt. Now, I would note that there's a lot that parties agree on in this case. As applied to Clinton County, subsection B does not apply when this vehicle is under the control of the county and the electronic tracking device is used by the county for purposes of tracking vehicles driven by employees or contractors of the county. We agree. Defendant is a member of the Clinton County Board. The state agrees. The person that the defendant sought to track, a man named Ron Becker, is an employee of Clinton County. The state agrees. And the vehicle to which the electronic tracking device was attached was controlled by Clinton County. Again, the state agrees. What was his job for the county? Pardon me? What did Mr. Becker do for the county? I, he is, he was a county employee, but, but you don't know what his job was. I don't recall at this moment. No, it's in the record. Highway Department, I believe. That's my recollection that he worked for the, for the county highway department. Was there a disagreement on the board about Mr. Becker? The board knew nothing about this, Your Honor. That's the whole problem. The board knew nothing about this. There can't be a disagreement about it when the defendant just up and did it. It is his position that simply because he's a board member, his actions are the actions of the county board. There is nothing in the record to indicate that the county had the slightest idea that this was going on. And that kind of jumps me forward a bit, but still very important to the procedural stance of this case, which is we, we don't know because we're still at the pleading stages. And the trial court should not have dismissed this case with prejudice. This is, the statute very clearly says that the dismissal of a charge on the ground set forth in subsections A4 through A11 of this section shall not prevent the return of a new indictment or the filing of a new charge. So the charge shouldn't have been dismissed with prejudice. I mean, there's a very comprehensive list of reasons to dismiss a charge. But the purpose of a motion to dismiss for failure to state an offense is to challenge the sufficiency of the allegations in the complaint, not the sufficiency of the evidence. How many times was the complaint amended? Once. And is there a limit before the court can dismiss with prejudice? Not that I know of, Your Honor. Certainly, I would just have to say it upon experience. I have seen complaints amended numerous times. But in this particular case, the statute, I mean, excuse me, the complaint was amended one time to basically set forth that the defendant didn't, the allegations that the defendant did not fall with any of the exceptions to the statute. That was the changes made to them. Counsel, you said that you were getting ahead of yourself dealing with the issue of the dismissal with prejudice. I'd like to go back to your original address to the court. Is it necessary for an individual county board member to have specific authority to take any action at all? Or as a county board member, are there maybe implied authorities that might authorize a county board member to proceed without a direct resolution from the county board? Certainly, a county board member has the authority to act as any member of the county could act as far as investigating things. But to act in the capacity of the county board, to act with the authority of the county board, no, Your Honor, an individual member of the board without authorization has no authority to act. And that, I mean, that's going back to Supreme Court authority at the beginning of the 20th century. That's and has been consistently applied since then. I am quoting here, the county board of supervisors has no power to act individually. It is only when convened and acting together as a board of supervisors that they represent and bind the county by their acts. I'd like that last portion of that statement, bind the county. Is this actually a situation where the board member was really binding the county? I know your cases that were cited talk about the individual board member not having any authority to bind the county to a contract or other obligation. Is this exactly a situation that we're dealing with here, a contract or other obligation? Well, I'd like to point out that the first part of that sentence, which is represent the county by their acts, that it says represent and bind. And certainly, given the fact that individuals cannot, in this case, place GPSs on it, simply an individual acting on his own cannot represent the county by taking this action upon himself. You may proceed. Okay, thank you. Really, I'm going to go back to kind of two very brief points. One is that the defendant says that he was, because he's a county board member, and I'm quoting from his reply brief, he is not another private citizen. He's a county board member. But absent some kind of authority from the county board, something, he is another private citizen. If we accept the defendant's argument, then any individual board member can take any similar kind of action without prior approval, without knowledge of the county board, and present it as a fait accompli, making him a de facto county one-man board. So, I think it's important that, the point is that the defendant did nothing to inform the county about his actions. The other thing that I'd like to point out is, touched on briefly as far as the dismissal, is that the defendant says that you can dismiss prejudice if there's a denial of due process, and that's basically what he's saying here is that he was denied due process. It doesn't expand upon that a whole lot. A trial court may dismiss criminal charges before trial, but only for the reasons set forth in section 114-1A of the code, or, and here's the other thing, a clear denial of due process that prejudices the defendant. Now, just refiling a case is not what that's talking about. That's talking about the case, defendant cites people versus Hunter. Your time is up. You will have an opportunity in rebuttal. Yes, your honor. Thank you, your honor. I just want to make sure you can hear me there. It said I was a little faint earlier when I was talking. Is my audio coming through okay? Yes. Okay, thank you. May it please the court, counsel, my name is Douglas Grinke. I represent the appellee, Keith Nordyke, and we respectfully request that you affirm the ruling of the trial court. Given the time constraints that we have, I will discuss just a couple of points that I want to bring to the court's attention. I will leave it to my brief to discuss the remaining points, and then obviously I'm open to answering any questions as well that relate to those other points. I think it's important, and it sounds like the court is well aware of the statutory requirements that are involved, the statute being 720 ILCS 521-2.5. I don't think there's any dispute as well that when it talks about state agency that we also are talking about the county, county being a body politic and corporate of the state. And so when you identify the state agency as the county, you can read the exemption, which is C-4, the exemption we're talking about here, you can read that a little differently. I think when you read it that way, the clear language of the statute shows how it's not applicable to Mr. Nordyke in this case. So when you read it in that manner, it says when the vehicle is under control of a county and the electronic tracking device is used by the county for the purpose of tracking vehicles driven by employees or contractors of that county. And so that is then the exemption. And so what we have here, there's really no dispute that Mr. Nordyke was a member of the county board, that Ron Becker was a county employee, that the tracking device was attached to a county pickup truck, not Mr. Becker's own vehicle. So when we put those together, I think they fall within the plain language of the statute. However, if there is any ambiguity in the statute, and I would say that this isn't a statute that is decided on very frequently, and so there's not a huge body of case law out there interpreting that. And so I would point you to the legislative history when this bill was adopted. This is a fairly new public act, and it was Public Act 98-381. Representative Sosnovsky was the sponsor and was House Bill 1199. And obviously, the legislative history isn't written into the bill, but it does give us a sense of what the purpose of the bill was and what particularly the sponsor of the bill intended with it. And so based on the, directly from the transcript, page 56 of the transcript from April 18th of 2013, when the representative was called for a discussion on his bill, he said, Thank you, Speaker, members of the General Assembly. This bill has to do with the unauthorized placement of a GPS device on a private citizen's car being placed on it by another private citizen. And so we see here that even the legislative intent of it is not met. We don't have a private car. We don't have a private citizen placing. We have a member of the county board, and we don't have a private citizen receiving. The person that was receiving the tracking device was, in fact, an employee of the county for which Mr. Nordyke served as a county board member. So the main argument, excuse me, how do you address the state's position that he was not acting under the authority of the county board, so therefore was a private citizen when he placed that on the county pickup truck? Yeah, and that's, thank you, Justice Barbera. The cases that are cited by the state are easily distinguishable. I think Justice Wharton was picking up on that earlier. There's also another case that I'll give you that I think goes along with that. So the three cases that are cited by the state deal with binding the county. A county board member cannot bind a county to its actions. You don't have that here. So the cases that are cited, you have one where a chairman of the board of supervisors is trying to change a meeting date that's in violation of the statute without county board approval. You have a county board committee that's trying to alter a contract for a courthouse improvement, and they couldn't do that because that would be binding on the county. And then the one that the term represent came up, and that's in the context of a county board member actually representing the county in a court proceeding. And so that was the in-ray appointment of special state's attorney. So there is a case, and I didn't cite it in my brief because it is an unpublished opinion. However, it has been cited by two, twice actually, by the Northern District of Illinois, and that case is in-ray state of Lambie. It's 2012, Illinois Appellate 4th, 110494, unpublished. And in that particular opinion, that order that was given, you dealt with- Let me stop you. If it's an unpublished opinion or an unpublished order, are we permitted to have you discuss that case with us? Well, I don't think I can cite it for you, Justice Barberis. In all candor, I at least want you to know that this situation has come up before, so you don't have a conflicting ruling with it. But in that, it dealt with a county board member that was doing an investigation of a county employee for an extramarital affair, and the county board member was sued, and it came up in the context of tort immunity. And the court found that the county board member was, in fact, had not only the authority, but the obligation to conduct an investigation to protect the county in that situation. Well, I'm going to stop you one second, Mr. Granke. I don't think, if you're not allowed to cite it as unpublished, I don't think you can discuss it to get around that fact, for the mere fact that it's not in your brief to begin with. But I don't know that we should consider that particular case. I know you have several others that you can rely on besides that one, so I think you might want to move on from that one. Sure. And, Justice, the only reason I bring that up, I think that it can be persuasive, although not authoritative. And like I said, it has been cited twice for different reasons by the Northern District of Illinois and the federal courts. So I will move on. So I think there's also two other issues that arise with requiring a county board member to get permission to do this sort of action. One is that it becomes superfluous, because if you require the county board to adopt a resolution authorizing the county board to do this, then you, in fact, have fallen under a different exception, which is the owner of the vehicle allowing it. And so it renders the current provision superfluous, which obviously is discouraged when we're interpreting statutes. The second, and I think this was brought up, and it was brought up in the brief, although I think maybe there was a mistake in the state's brief. So if it's required to be a resolution by the county board, that is open to the public. And so the person that is the subject of the investigation will be aware that they will be tracked. Now, the state cites in their brief that there is an exception to the Open Meetings Act that you can discuss personnel in closed session. And that is absolutely correct. But you cannot take any action in closed session. You cannot take a vote pursuant to the statute, case law, and the Attorney General's opinions. So even if they went into closed session to discuss putting a tracking device, if they required to pass a resolution, they would have to come out of closed session into an open session, by the way, that was listed on the public agenda, and take a public vote on a public resolution. And so it would get around the ability of the county to investigate the unlawful use of its equipment. The unlawful use of equipment, would it be more appropriate to refer this to law enforcement if the county board member had some evidence or belief that there was indeed a criminal act occurring? Well, Justice Wharton, that certainly is one option, but I don't think it's required. And, you know, looking back, maybe Mr. Nordyke says, hey, I'd rather have law enforcement do it. But I don't think that precludes him or preempts him from being able to conduct investigation on his own as a county board member. I would assume that this is not the first time that this has happened. Maybe it has, but I don't know. But I'm just curious, was there any specific department or person delegated with the particular responsibility of monitoring the use of county vehicles? No, there's not. Thank you. I do want to point briefly to the dismissal issue, because that was discussed by the state. There were some questions on that. So the initial information was dismissed, and there was an amended information that was filed. There isn't a – and actually, when the first information was dismissed, the – Judge McKinney actually asked me if he had to allow the state to – an opportunity to refile, and I did advise him at that time that he did. And so he gave them 21 days to file an amended information. They put additional facts in the information, and when it came back to Judge McKinney the second time, all of the facts at that point that the state would attempt to prove were put in there. And the judge did not find that it was a technical flaw, but the judge found that the facts that were stated could not form a cause of action or a claim, and so the judge dismissed it with prejudice. And I think he has the authority to do that, particularly since he gave them an opportunity the first time. I see my time is out. I will – I can expand on that if you want, or I'm open to any questions as well. Thank you, counsel. Thank you. Rebuttal. Okay. Can you hear me? Yes. Thank you. Touching briefly on, I believe, three points here, going back to the dismissal, which I think is an extremely important thing. The premise is that – the presumption is that the state can refile these charges, and only if defendant is denied due process would the law prohibit this. And defendant cites as support for his claim that he was refiling would deny him due process, people versus Hunter. But Hunter stands for indictments obtained by deliberately or intentionally misleading a grand jury by using perjured or false testimony or by presenting deceptive or inaccurate evidence. In the instant case, what the state presented was that he was acting individually, not as a county board member. That is a factual assertion, which may or may not be true. But the point is, that's what you need to go forward on. Second of all, the legislated history, very brief, but the sponsor did say it had to do with placement of GPS on a private citizen's car being placed on it by a private citizen. But that's not what the statute says. The statute says a person or entity, and I think that's an extremely important section to look at. And so that would be my second point. Does it specify what type of entity as far as a private entity or a public entity? No, Your Honor, not to my knowledge. But in context, it was previously the sponsor had said that it was for a private citizen. Yes. And the language of the statute itself says a person or entity. And of course, we know that a person can even be a corporation. But the statute says a person or entity. And certainly, I think, you know, the county board falls more in the entity section. And then briefly, I would agree with Justice Wharton that the proper thing to do here would be if someone's a suspect in action like this, that the thing to do is to move to ask law enforcement to look into it. I don't think I need to say anything at all about land because, as you noted, Justice Barbaros, it's simply it doesn't matter. It's unpublished. It has no presidential value whatsoever, regardless of whether some federal case cited it or not. It is an unpublished decision. What it comes down to is, was this man an individual citizen when he placed this GPS on or was he the county board without the county board's knowledge? And I think that's the thing. The county didn't know. If we accept the state's position that he was acting as an individual totally without authority and not as a county board member, can he be charged with official misconduct in the second count? Well, he is a county board member. Again, was he acting as a county board member, I think, are two separate things. But I think what we're moving into here is whether the indictment is sufficient to state a claim. And we have had this thing dismissed with prejudice to where we can't even move forward to answer that question or allow the state to amend the petition to where it can answer that question. These are questions that should be allowed to go forward rather than dismissed with prejudice after only one amendment. If there are no other questions, I have no further argument. Thank you, counsel. The court will take the matter under advisement and issue its decision in due course. Thank you, counsel, for its arguments and briefing. And this concludes our argument for today. The court will be adjourned. Thank you. Thank you, your honor.